2011R01491/SBM/JGM

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Criminal No. 12-475 (CCC) |
| | : | |
| v. | : | |
| | : | |
| | : | 42 U.S.C. § 1320a-7b(b)(1) |
| MARYAM JAFARI | : | 18 U.S.C. § 2 |

**I N D I C T M E N T**

The Grand Jury in and for the District of New Jersey, sitting at Newark, charges:

1. At various times relevant to this Indictment:

**The Defendant and Orange Community MRI, LLC**

    a. The defendant, MARYAM JAFARI ("defendant JAFARI"), was a physician licensed in New Jersey practicing internal medicine. Defendant JAFARI operated an office in Newark, New Jersey.

    b. Orange Community MRI, LLC ("OCM"), was located in Orange, New Jersey and provided diagnostic testing services to patients, including magnetic resonance imaging ("MRIs") and computed axial tomographies ("CT Scans") (collectively, the "Diagnostic Tests").

**Medicare and Medicaid**

    c. The Medicare Program ("Medicare") was a federal program that provided free or below-cost health care benefits to certain individuals, primarily the elderly, blind,

and disabled. Medicare was a "Federal health care program" as defined in Title 42, United States Code, Section 1320a-7b(f). Individuals who received benefits under Medicare were commonly referred to as "beneficiaries."

   d. The Medicare Part B program was a federally funded supplemental insurance program that provided Medicare insurance benefits for individuals aged sixty-five or older, and for certain individuals who were disabled. The Medicare Part B program paid for various medical services for beneficiaries, including the Diagnostic Tests.

   e. The Medicaid Program ("Medicaid") was a jointly funded, federal-state health insurance program that provided certain health benefits to the disabled, as well as to individuals and families with low incomes and resources. The federal government provided matching funds to Medicaid and ensured that states complied with minimum standards in the administration of the program.

   f. Medicaid was a "Federal health care program" as defined in Title 42, United States Code, Section 1320a-7b(f). Individuals who received benefits under Medicaid were commonly referred to as "recipients."

   g. In New Jersey, Medicaid was administered by the New Jersey Department of Human Services. Under New Jersey law, Medicaid paid for certain medical services for recipients, including the Diagnostic Tests.

2. At all times relevant to this Indictment, OCM was a Medicare- and Medicaid-approved provider of, among other things, the Diagnostic Tests.

### The Kickback Scheme

3. From in or about September, 2010, until in or about December, 2011, in the District of New Jersey and elsewhere, the defendant,

MARYAM JAFARI,

did knowingly and willfully solicit and receive remuneration, directly and indirectly, overtly and covertly, in cash and in kind, that is, kickbacks, from OCM in return for referring patients to OCM for the furnishing and arranging for the furnishing of items and services for which payment may be made in whole or in part under a Federal health care program, namely, Medicare and Medicaid.

### Object and Means of the Kickback Scheme

4. The object of the kickback scheme was for defendant JAFARI to receive cash payments from OCM in exchange for referring Medicare and Medicaid patients to OCM for the Diagnostic Tests.

5. To execute the kickback scheme, defendant JAFARI and OCM representatives negotiated the value of kickbacks that would be paid for each Diagnostic Test referred, and OCM representatives paid defendant JAFARI cash periodically for the Diagnostic Tests referred by her practice.

### The Kickbacks of November and December, 2011

6. It was a part of the kickback scheme that, on or about November 22, 2011, at defendant JAFARI's office in Newark, defendant JAFARI met with a purported representative of OCM and received an envelope containing approximately $1,965 cash in exchange primarily for previous referrals of Medicare and Medicaid patients for the Diagnostic Tests.

7. It was a further part of the kickback scheme that, on or about December 6, 2011, at defendant JAFARI's office in Newark, defendant JAFARI met with a purported representative of OCM and received an envelope containing approximately $420 cash in exchange primarily for previous referrals of Medicare and Medicaid patients for the Diagnostic Tests.

All in violation of Title 42, United States Code, Section 1320a-7b(b)(1)(A), and Title 18, United States Code, Section 2.

## FORFEITURE ALLEGATION

1.  The allegations contained in this Indictment are hereby realleged and incorporated by reference for the purpose of noticing forfeiture pursuant to Title 18, United States Code, Section 982(a)(7).

2.  Upon conviction of the offenses in violation of Title 42, United States Code, Section 1320a-7b(b), the defendant, MARYAM JAFARI, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(7), all right, title, and interest in any property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the offenses of conviction.

3.  If any of the property described above, as a result of any act or omission of the defendant:

    a.  cannot be located upon the exercise of due diligence;

    b.  has been transferred or sold to, or deposited with, a third party;

    c.  has been placed beyond the jurisdiction of the court;

    d.  has been substantially diminished in value; or

    e.  has been commingled with other property which cannot be divided without difficulty, the United States shall be entitled, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section

982(a)(7), to forfeiture of any other property of the defendant, MARYAM JAFARI, up to the value of the property described in the preceding paragraph.

A TRUE BILL

_____
PAUL J. FISHMAN
United States Attorney

CASE NUMBER: 12-cr-475 (CCC)

# United States District Court
## District of New Jersey

UNITED STATES OF AMERICA

v.

MARYAM JAFARI

# INDICTMENT FOR

42 U.S.C. § 1320a-7b(b)(1)
18 U.S.C. § 2

PAUL J. FISHMAN
UNITED STATES ATTORNEY, NEWARK, NEW JERSEY

SCOTT B. MCBRIDE
ASSISTANT U.S. ATTORNEY
NEWARK, NEW JERSEY
973-645-2708